IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRICKLAYERS LOCAL 8 OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 21-cv-3273 ) |
| WESTERN WATERPROOFING COMPANY, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This is an action to compel arbitration pursuant to Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185.  The action previously came before the Court on the parties' cross-motions for summary judgment.  See d/e 25; d/e 26; d/e 27.  The Court granted summary judgment to the Bricklayers but reserved the question of attorney's fees and costs.  Op. and Order, d/e 36.  The Court further directed the parties to submit supplemental briefing on that question.  Those briefs are now before the Court.  See d/e 38; d/e 39; d/e 40.  Also before the Court is the

Bricklayers' supplemental motion for attorney's fees, <u>see</u> d/e 48, which pertains only to Vector's motion for a stay pending appeal.

## I. DISCUSSION

The underlying facts and allegations are recounted in some detail in the Court's earlier order, <u>see</u> d/e 36, and so that accounting is incorporated here by reference. In brief, the parties—a labor union, a contractor, and a subcontractor—are involved in renovating the Willard Ice Building, a government office building in Springfield. The renovation is governed by a project labor agreement (PLA), to which all the parties here are signatories. The PLA also incorporates the participating unions' collective bargaining agreements (CBAs). In the summer of 2021, Plaintiff Bricklayers Local 8 of Illinois filed two grievances with the Illinois AFL-CIO, the umbrella labor organization charged with administering the project's PLA. The Bricklayers claimed that Defendant Western Waterproofing Company, one of the project's prime contractors, improperly subcontracted installation work to Defendant Vector Construction without abiding by the terms of the Bricklayers' CBA.

The Bricklayers initially sought to resolve their claims under the PLA. The AFL-CIO denied the Bricklayers' request, concluding

instead that the dispute must be resolved under the Bricklayers' CBA.  When the Bricklayers tried to process their claims to arbitration under the CBA, however, Western and Vector refused to participate in the arbitration.  Western and Vector maintained, and still maintain, that only the PLA governed the Bricklayers' claims.  The Bricklayers then brought this Section 301 suit to compel Western and Vector to arbitrate their grievances under the CBA.

The Bricklayers have since been awarded summary judgment.  They now seek to recover attorney's fees and costs.  A prevailing party in a Section 301 action "is entitled to attorney's fees only if his opponent's suit or defense was frivolous, which [this Circuit's] cases define to mean brought in bad faith—brought to harass rather than to win."  Loc. 232, Allied Indus. Workers of Am., AFL–CIO v. Briggs & Stratton Corp., 837 F.2d 782, 789 (7th Cir. 1988) (citation omitted).  The Bricklayers argue that Western and Vector "refused without justification to arbitrate plainly arbitrable grievances," thereby "spinning out the arbitral process unconscionably."  Pl.'s Supp. Br., d/e 39, at 2–4 (citing Cuna Mut. Ins. Soc. v. Off. & Pro. Emps. Int'l Union, Loc. 39, 443 F.3d 556, 561 (7th Cir. 2006)).  In response, Western and Vector contend that their defense against

the Bricklayers' suit was non-frivolous, taken in good faith, and "remains the more meritorious position." See Vector's Supp. Br., d/e 38, at 5 ("Vector's defense of this action is not only based in a reasonable, good-faith, non-frivolous reading of the PLA and the CIMCA CBA, it remains the more meritorious position.").

The Court appreciates Western and Vector's advocacy. Nevertheless, their positions here have run contrary to the contractual language at issue and to controlling Supreme Court and appellate precedent. Western and Vector's argument in favor of compelling arbitration under the PLA's jurisdictional dispute-resolution process, an unavailable forum, belied the clear availability of the CIMCA CBA's arbitration process, an adequate alternative. Western and Vector took that position "without considering whether the court could preempt [the PLA administrator's] power to decide the scope of" the administrator's own arbitral jurisdiction. Prod. & Maint. Emps. Loc. 504, Laborers' Int'l Union of N. Am., AFL-CIO v. Roadmaster Corp., 916 F.2d 1161, 1163 (7th Cir. 1990), opinion amended on denial of reh'g, (7th Cir. Nov. 14, 1990). And Western and Vector concentrated their summary judgment briefing on the underlying merits of their

dispute with the Bricklayers, not the question of arbitrability.  But see Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 568 (1960) (courts have "no business weighing the merits of the [underlying] grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support a claim").

In sum, Western and Vector's arguments were "very unlikely to succeed . . . based on the straight-forward case law relevant to these claims."  See Cuna, 443 F.3d at 561 (affirming imposition of Rule 11 sanctions in employer's "meritless" challenge to arbitrator's interpretation of CBA).  Rule 11 "makes clear that he who seeks vindication in such circumstances and fails to get it must pay his opponent's reasonable attorney's fees."  Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8, 802 F.2d 247, 255 (7th Cir. 1986).  The Bricklayers are, therefore, entitled to attorney's fees and costs.

## II. CONCLUSION

For these reasons, Plaintiff's prayer for attorney's fees (d/e 1) and supplemental motion for attorney's fees (d/e 48) are GRANTED. Plaintiff is DIRECTED to file, as soon as practicable, an accounting of the fees and costs expended in prosecuting this case. See Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services.").

**IT IS SO ORDERED.**

**ENTERED: JUNE 15, 2023**

**FOR THE COURT:**

                                    *s/Sue E. Myerscough*
                                    **SUE E. MYERSCOUGH**
                        **UNITED STATES DISTRICT JUDGE**